UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MYRON SIMMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-1062 |
| | ) |
| ROCKFORD HOUSING AUTHORITY, | ) |
| BLOOMINGTON HOUSING | ) |
| AUTHORITY, and BLOOMINGTON | ) |
| UNKNOWN AGENCY | ) |
| | ) |
| Defendants. | ) |

O R D E R

This matter is now before the Court on Defendant Rockford Housing Authority ("RHA") and Defendant Bloomington Housing Authority's ("BHA") Motions to Dismiss for Failure to State a Claim. (ECF No. 8 and 14) and Plaintiff, Myron Simmons's ("Plaintiff") Motion for Leave to File Amended Complaint (ECF No. 17) and Motion Amending Statute of Limitations regarding Amended Complaint. (ECF No. 21). For the following reasons, the Defendants' Motions to Dismiss are GRANTED and Plaintiff's Motions to Amend are DENIED. The case is closed.

FACTUAL HISTORY

Plaintiff alleges that he lived in RHA's housing and applied for transfer within BHA on February 18, 2004. He then moved to Bloomington, IL and applied to BHA for housing on July 6, 2015. On December 12, 2015, he requested a hearing before the BHA regarding his denial and the hearing was held on February 3, 2016. His denial was upheld and he alleges that during the hearing he learned that RHA sent BHA a fax stating that the Plaintiff was never a resident of RHA and that was the reason he was

denied housing by BHA. He also alleges that "Bloomington Unknown Agency," within the BHA, altered his application that led to the delay of his denial for housing.

## PROCEDURAL HISTORY

On February 14, 2018, Plaintiff filed a complaint against RHA and BHA alleging claims of violations of the Fair Housing Act, under 42 U.S.C. §1983 and various criminal statutes. (ECF No. 1). He was granted leave to procced in forma pauperis on February 26, 2018. (ECF No. 3). On March 30, 2018, Defendant RHA filed a Motion to Dismiss for Failure to State a Claim. (ECF No. 8). The Clerk of the Court provided notice to the Plaintiff on April 2, 2018, that if he did not respond within 14 days of the date of service that the motion could be granted and the case would be terminated. (ECF. No. 10). On April 12, 2018, BHA filed a Motion to Dismiss for Failure to State a Claim. (ECF No. 14). On April 13, 2018, the Clerk of the Court provided notice of possible dismissal for non-response on the second Motion to Dismiss. (ECF No. 16). The Plaintiff filed a Motion for Leave to File Amended Complaint on April 16, 2018. (ECF No. 17). Both Defendants filed responses opposing the motion for leave. (ECF No. 19 and 20). On May 7, 2018, Plaintiff filed another Motion to Amend. (ECF No. 21). Plaintiff also responded to both Motions to Dismiss. (ECF No. 22). Again, both Defendants filed responses opposing the motion for leave. (ECF No. 23 and 24).

## MOTION TO DISMISS STANDARD

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper if a complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, which when accepted as true, states a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A plaintiff's claim must "give enough details about the subject matter of the case to present a story that holds together" to be plausible. *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010). A court must draw all inferences in favor of the non-moving party. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993).

Statements in the complaint must be sufficient to provide the defendant with "fair notice" of the claim and its basis. *Appert v. Morgan Stanley Dean Witter, Inc.,* 673 F.3d 609, 622 (7th Cir. 2012). This means that (1) "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the … claim is and the grounds upon which it rests'" and (2) its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level." *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).

When evaluating a motion to dismiss, the Court must accept as true all factual allegations in the complaint. *Ashcroft*, 556 U.S. at 678. However, the Court need not accept as true the complaint's legal conclusions; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atlantic Corp.*, 550 U.S. at 555). Conclusory allegations are "not entitled to be assumed true." *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 554-55).

## DISCUSSION

Statute of Limitations

A person filing a civil action for an alleged discriminatory housing practice must do so no later than two years after the triggering event. 42 U.S.C. §3613(a)(1)(A). In *Wilson v. Garcia*, the Supreme Court held that the applicable statute of limitations for Section 1983 claims is the period for personal injury torts in the state where the incident occurred. *Wilson v. Garcia,* 471 U.S. 261, 265 (1985). The

statute of limitations on personal injury claims in the state of Illinois is two years. 735 ILCS 5/13-202. Therefore, the statute of limitations for a 1983 claim in Illinois is two years. *Kalimara v. Illinois Dept. of Corrections*, 879 F.2d 276 (7th Cir. 1989). A Section 1983 claim accrues "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993).

The statute of limitations can be tolled if "at the time the cause of action accrued, [the individual] is under the age of 18 years, or is under a legal disability, then he or she may bring the action within 2 years after the person attains the age of 18 years, or the disability is removed." 735 ILCS 5/13-211. "A mental disability tolls the limitations period in Illinois only if a person is "entirely without understanding or capacity to make or communicate decisions regarding his person" and "totally unable to manage" his affairs." *Holtz v. Sheahan*, 199 F. App'x 577, 579 (7th Cir. 2006) *quoting Basham v. Hunt*, 332 Ill.App.3d 980, 266 Ill.Dec. 143, 773 N.E.2d 1213, 1221 (2002); 735 Ill. Comp. Stat. 5/13-211 (2006).

The events Plaintiff complains about took place on February 3, 2016, and he filed his complaint on February 14, 2018. (ECF No. 1). Plaintiff states that he is disabled because he suffers from vertigo. (ECF No. 17). The Plaintiff does not present any evidence that the vertigo impacts his mental health in a way that decreases his capacity for understanding or makes it difficult to manage his affairs. As such, he is not entitled to tolling on the statute of limitations and therefore, his case is time barred and is DISMISSED. Although the Court finds that Plaintiff's claims are time barred, they should also be dismissed on the merits.

Section 1983

Section 1983 requires that "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution*." Ashcroft,* 556 U.S. at 675. A

complaint will only survive a motion to dismiss if it alleges "enough facts to state a claim to relief that is plausible on its face." *Id.* at 678.  The *Monell* doctrine provides that a government agency cannot be held liable for the acts of its employees on a *respondeat superior* theory.  *Monell v. Dept. of Soc. Servs. Of City of NY*, 436 U.S. 658, 691 (1978).   Under that doctrine, a plaintiff is required to '"plead…factual content that allows the court to draw the reasonable inference' that the [municipal entity] maintained a policy, custom, or practice" that resulted in the deprivation of a constitutional right.  *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).  The Plaintiff does not include any specific factual allegations of any actions by individuals, or allege any policies or practices.  The most detailed statement he makes is that his rights were violated because the Defendants are "using an unwritten policy to discard his preliminary application form."  (ECF No. 1 at 7).  Therefore, Plaintiff's claims under §1983 are dismissed for failure to state a claim.

Fair Housing Act

Plaintiff also fails to identify any section of the Fair Housing Act that the Defendants violated.  Furthermore, he did not include any factual allegations claiming discrimination or retaliation under the Fair Housing Act.  Therefore, Plaintiff's Complaint is DISMISSED for failure to state a claim.

Other Claims

While the Plaintiff does not go into detail about particular claims he does include various criminal statutes in his complaint, including: 18 U.S.C. §§241, 242, 245, 3631, and 1343. These claims are improper as a private citizen has no right to prosecute criminal claims.  *Linda R.S. v. Richard D.,* 410 U.S. 614 (1973)(a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another.) In addition, he indicates his complaint is brought pursuant to 42 U.S.C. 14141. This statute, while not criminal, provides only for a right of action to be initiated by the Attorney General, on behalf of

the United States. 34 U.S.C. §12601(b). Plaintiff also makes mention of the Illinois Whistleblower Act but has not established that he is an employee of either defendant and therefore, he is not covered by the statute. 740 ILCS 174/5. Plaintiff also cites 20 ILCS 4080/15, which creates the Illinois Commission on the Elimination of Poverty Act. See 20 ILCS 4080. However, the act does not prove for any private right of action. *Id.* These claims are all DISMISSED.

## MOTIONS TO AMEND

Plaintiff has filed two Motions to Amend. (ECF No. 17 and 21). Defendant RHA argues that the first motion should be denied because Plaintiff failed to timely oppose their motion to dismiss pursuant to Local Rule 7.1 and their motion is unopposed. (ECF No. 19 at 1). Defendant BHA states that they view the Plaintiff's filing as a response to their motion to dismiss. However, both Defendants argue that the motion to amend should be denied because it does not cure the deficiencies in the original complaint.

The court is free to grant leave to amend when justice requires but may refuse to do so when the proposed amended complaint does not remedy the deficiencies in the original complaint. *Textor v. Board of Regents of Northern Illinois University*, 711 F.2d 1387, 1391 (7th Cir. 1983). Plaintiff included a section on the statute of limitations in his first motion to amend. While he does not flesh out any arguments as to how they apply, the Court will discuss the provisions anyway. First, he stated that if the cause of action is fraudulently concealed, the person filing the action has five years from the date of discovery to file. This is a correct statement of the law. 735 ILCS 5/13-215. However, the Plaintiff does not allege that the Defendants acted to conceal any of their actions and only claims that the fax sent by RHA was a fraudulent statement. Therefore, he is not eligible for a five year statute of limitations. Next, the Plaintiff lists the catch-all provision for civil actions that provides for a five year statute of limitations. 735 ILCS 5/13-205. This is unavailing because the claims he alleges have a statute of limitations either set by statute or determined by the courts. 42 U.S.C. §3613(a)(1)(A); *Wilson,* 471 U.S. at 275-276. The Plaintiff also

introduces the Illinois tolling provision on the statute of limitations. He mentions that the statute of limitations can be tolled if the person bringing the action is under the age of 18 or has a legal disability, but he does not argue that he is under the age of 18 or legally disabled. The Plaintiff does not establish that the two year statute of limitations should apply to him. Plaintiff's amended complaint does not remedy the deficiency that all of his claims are time-barred, therefore, the Motion to Amend is DENIED. (ECF No. 17).

The Court must next consider the Plaintiff's second Motion to Amend, or the Motion Amending Statute of Limitations regarding Amended Complaint. (ECF No. 21). The Plaintiff attempts to amend his argument as to why he is not time barred. He argues that he has a disability but as mentioned before his vertigo does not qualify as a disability in this context. Plaintiff's argument the he is not time barred fails and he is unable to cure the deficiency of his original complaint. The Motion to Amend is DENIED.

## **CONCLUSION**

For reasons stated herein, Defendants' RHA and BHA Motions for to Dismiss for Failure to State a Claim are GRANTED. (ECF No. 8 and 14). Plaintiff's Motions for Leave to File Amended Complaint are DENIED. (ECF No. 17 and 21). This case is now terminated.

ENTERED this 21st day of May 2018.

                                           /s/ Michael M. Mihm  
                                                 Michael M. Mihm  
                                                 U.S. District Court Judge